Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD A. LEVY, individually, and on behalf of a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SALCOR, INC., a California corporation; and JAMES E. CRUVER and SALLY CRUVER, husband and wife, and the marital community comprised thereof,<br><br>Defendants. | NO. 3:14-cv-05022 BHS<br><br>**PLAINTIFF'S MOTION FOR REMAND**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, February 14, 2014 |

## I.  INTRODUCTION

The governing removal jurisdiction statute, 28 U.S.C. § 1446(b)(1), requires that notice of removal be filed within 30 days of service of process. No exceptions apply. Defendants filed their notice of removal 31 days after they were served. The removal therefore is untimely, and the case must be remanded to Kitsap County Superior Court. Pursuant to 28 U.S.C. § 1447(c), Plaintiff further respectfully requests an award of his attorneys' fees and costs in having to bring this motion.

PLAINTIFF'S MOTION FOR REMAND - 1
No. 3:14-cv-05022 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## II.     FACTUAL BACKGROUND

This is a Washington State products liability and consumer protection class action. Plaintiff filed his complaint in Kitsap County Superior Court on December 4, 2013.  Dkt. 1-1. On December 9, 2013, each Defendant was served with a summons and a copy of the complaint, among other documents, in Fallbrook, California.  Bell Decl. ¶¶ 4-10 & Ex. A; *see also* Dkt. 13 at 1.  Dean Bell, the certified process server who effectuated service of process, has submitted a duly-prepared Affidavit of Service stating that he served Defendants on December 9, 2013.  Bell Decl., Ex. A; *see also* Dkt. 13 at 1.  Mr. Bell is a California process server, registered as such in San Diego County.  Bell Decl. ¶ 1.  He has been a member of the National Association of Professional Process Servers ("NAPPS") since 1995.  *Id.* ¶ 2.  His primary responsibility as a process server and NAPPS member is to effectuate valid service of process on litigants, and accurately and objectively record the time, place, and manner of such service.  *Id.* ¶ 3.  Mr. Bell has no connection to this matter other than he was asked to serve, and did serve, process on Defendants.  *Id.* ¶¶ 4-5.  In addition to Mr. Bell's Affidavit of Service, Mr. Bell's internal "field sheets" reflect that he served Defendants on December 9, 2013.  *Id.* ¶ 8 & Ex. B.  Mr. Bell also has an independent recollection of having served Defendants on December 9, 2013.  *Id.* ¶ 10.

Defendants filed a notice of removal to this Court on January 9, 2014—31 days after the December 9, 2013 service of process.  Dkt. 1.  In their removal notice, Defendants state they were served on December 10, 2013.  Dkt. 1 at 2:10.  This statement is supported by a single statement in the Declaration of James Cruver.  Dkt. 1-2 ¶ 4.  Mr. Cruver is the President and CEO of Defendant Salcor, Inc. and the husband of Defendant Sally Cruver.  *Id.* ¶¶ 2, 6.  Mr. Cruver states that he "was served on December 10" and accepted service on behalf of all

PLAINTIFF'S MOTION FOR REMAND - 2
No. 3:14-cv-05022 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Defendants. *Id.* ¶ 4. Mr. Cruver does not provide any verification of the date of service or purport to expand on why he believes Defendants were served on December 10. *Id.* He simply says they were. *Id.*

The day after Defendants filed their notice of removal, counsel for Plaintiff contacted counsel for Defendants, provided a copy of Mr. Bell's Affidavit of Service reflecting the December 9 service, and asked whether Defendants would agree to a voluntary remand after having reviewed Mr. Bell's affidavit. Wilner Decl. ¶ 2 & Ex. A. Defendants did not do so. Three days later, counsel for Plaintiff provided counsel for Defendants with a copy of Mr. Bell's internal field sheets and again inquired whether Defendants would agree to a voluntary remand. *Id.* ¶ 3 & Ex. B. Again, they did not do so. Four days after that, on January 17, counsel for Plaintiff provided counsel for Defendants a copy of Mr. Bell's signed declaration with exhibits (the same version filed in support of this motion). *Id.* ¶ 4 & Ex. C. Once again, Defendants did not agree to a remand. Two weeks have now transpired since Defendants' notice of removal, yet Defendants still have not agreed to a remand—this, notwithstanding the clear-cut evidence of service on December 9, 2013 discussed above and the clear-cut law governing the issue discussed below. *Id.* ¶ 5.

### III.    ARGUMENT AND AUTHORITIES

**A.    To Avoid Mandatory Remand, Defendants Bear the Burden of Establishing That They Filed Their Notice of Removal Within 30 Days of Service of Process.**

The removal statute required Defendants to file their notice of removal "within 30 days" after they were served with Plaintiff's summons and complaint. 28 U.S.C. § 1446(b)(1). The 30-day time limit is "mandatory," and when not met, requires a remand. *Schmitt v. Insurance Co. of N.A.*, 845 F.2d 1546, 1551 (9th Cir. 1988); *Flanigan v. OneWest Bank, F.S.B.*, No. CV-

PLAINTIFF'S MOTION FOR REMAND - 3
No. 3:14-cv-05022 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

13-08150-PCT-DGC, 2013 WL 4083630, at *1 (D. Ariz. Aug. 13, 2013).  The statutes governing removal are "strictly construed" against federal jurisdiction and in favor of state court jurisdiction.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1495 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 908 F.2d 564, 566 (9th Cir. 1992); *Flanigan*, 2013 WL 4083630, at *1; *Robinson v. Paraganlija*, No. CV-13-5044-EFS, 2013 WL 3280313, at *2 (E.D. Wash. June 27, 2013).  Federal removal jurisdiction must be rejected and the case remanded to state court "if there is ***any doubt*** as to the right of removal."  *Duncan*, 76 F.3d at 1495 (emphasis added); *Gaus*, 908 F.2d at 566 (same); *Flanigan*, 2013 WL 4083630, at *1 (same); *see also Robinson*, 2013 WL 3280313, at *2 ("The Ninth Circuit favors remanding procedurally defective removals.").

Finally, it is Defendants, not Plaintiff, who bear the burden of proving the propriety of the removal.  *Duncan*, 76 F.3d at 1485.  This burden is on Defendants with respect to all removal elements, including specifically the timeliness thereof.  *Flanigan*, 2013 WL 4083630, at *1; *Robinson*, 2013 WL3280313, at *2; *Ciolino v. Ryan*, No. C03-1396-TEH, 2003 WL 21556959, at *9 (N.D. Cal. July 9, 2003).

**B.    Defendants Cannot Meet Their Burden of Establishing Timely Removal.**

Defendants cannot meet their burden of proof.  A duly-prepared process server's affidavit of service, such as Mr. Bell's, is presumed valid and can only be overcome by convincing proof to the contrary.  *S.E.C. v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007); *Leen v. Demopolis*, 62 Wn. App. 473, 478, 815 P.2d 269 (1991).  Here, Mr. Bell's Affidavit of Service shows he accomplished service of process on Defendants on December 9, 2013, more than 30 days before when Defendants filed their notice of removal.  Bell Decl., Ex. A.

Even were there reason to look beyond Mr. Bell's Affidavit of Service here (which there is not), additional evidence confirms that service was accomplished on December 9, 2013, not

PLAINTIFF'S MOTION FOR REMAND - 4
No. 3:14-cv-05022 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

December 10 as Defendants have stated.  Mr. Bell's internal field sheets—prepared the day after he served Defendants consistent with his standard practice—repeatedly reference service as having occurred on December 9.  Bell Decl. ¶¶ 7-8 & Ex. B.  Mr. Bell also has an independent basis for remembering that he served Defendants on December 9—the date has particular significance to him because he recalls serving Defendants on the same day that a friend of his, who had been lost on a hiking trip, was found.  *Id.* ¶ 10.

As noted above, when there is "any doubt" about the propriety of removal, remand is required.  *See also Gaus*, 980 F.2d at 566 (further noting the "strong presumption" against removal jurisdiction).  Here, in light of the duly prepared Affidavit of Service from a certified and unbiased process server, as well as the additional proof corroborating when service occurred, there is far more than just "any doubt" that Defendants failed to remove this action within 30 days as required.  It is manifest on this record that they did not.  Remand to Kitsap County Superior Court is therefore required.

**C.     Attorneys' Fees and Costs**

An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  This Court may exercise its discretion to award such fees and costs without finding that Defendants engaged in actual bad faith conduct.  *Moore v. Permanente Medical Group. Inc.,* 981 F.2d 443, 446 (9th Cir.1992).  The standard is whether Defendants have an "objectively reasonable basis" for removal.  *Kerbs v. Safeco Ins. Co. of Illinois, Inc.*, No. C11-1642 MJP, 2011 WL 6012497, at *4 (W.D. Wash. Dec. 1, 2011) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).  The award of attorneys' fees and costs "is simply reimbursement to plaintiffs of wholly

PLAINTIFF'S MOTION FOR REMAND - 5
No. 3:14-cv-05022 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

unnecessary litigation costs the defendant inflicted." *Thomas v. Powell*, No. C10-53 MJP, 2010 WL 1849080, at *3 (W.D. Wash. May 7, 2010) (quoting *Moore*, 981 F.2d at 447-48).

Here, the litigation costs associated with Plaintiff's remand motion were unnecessary. Even if Defendants genuinely believed in good faith that removal was timely at the time they prepared and filed their removal papers—a proposition we have no reason to doubt—once Defendants received copies of the process server's Affidavit of Service, his field sheets, and his declaration, all of which clearly evidence that service of process actually occurred on December 9, not December 10, Defendants' position could no longer be deemed objectively reasonable. Defendants, moreover, have not supplied any evidence to date in support of Mr. Cruver's memory that service occurred on December 10. Wilner Decl. ¶ 5. With this evidentiary record, there is no objective basis for Defendants to oppose Plaintiff's request for a remand. An award of attorneys' fees and costs under § 1447(c) is therefore appropriate.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this case back to Kitsap County Superior Court. As described above, Plaintiff further requests that the Court award his attorneys' fees and costs under § 1447(c). Such an award may be issued in an order to remand or anytime thereafter. *Moore*, 981 F.2d at 445 (concluding "an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits"). Plaintiff requests the award in the manner and on the timeline Judge Pechman outlined in either *Kerbs* or *Thomas*.

///

///

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 23rd day of January, 2014.

| | |
|---|---|
| **GORDON TILDEN THOMAS & CORDELL LLP** <br> Attorneys for Plaintiff <br><br> By: _s/Mark Wilner_ <br>  Mark Wilner, WSBA #31550 <br>  1001 Fourth Avenue, Suite 4000 <br>  Seattle, Washington 98154 <br>  Telephone:  (206) 467-6477 <br>  Facsimile:  (206) 467-6292 <br>  Email:  mwilner@gordontilden.com | **MUNDT MacGREGOR L.L.P.** <br> Attorneys for Plaintiff <br><br> By: _s/J.D. Stahl_ <br>  J.D. Stahl, WSBA #14113 <br>  271 Wyatt Way NE, Ste 106 <br>  Bainbridge Island, WA 98110 <br>  Telephone: (206) 624-5950 <br>  Facsimile: (206) 624-5469 <br>  Email:  jdstahl@mundtmac.com |

PLAINTIFF'S MOTION FOR REMAND - 7
No. 3:14-cv-05022 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

Counsel for Defendant

Michael Scoville, WSBA #44913
Austin Rainwater, WSBA #41904
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
T:  206-359-8000
F:  206-359-9000
mscoville@perkinscoie.com
arainwater@perkinscoie.com

              *s/Mark Wilner*
              Mark Wilner, WSBA #31550
              Gordon Tilden Thomas & Cordell LLP

PLAINTIFF'S MOTION FOR REMAND - 8
No. 3:14-cv-05022 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292