Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD A. LEVY, individually, and on behalf of a class of persons similarly situated,

Plaintiff,

v.

SALCOR, INC., a California corporation; and JAMES E. CRUVER and SALLY CRUVER, husband and wife, and the marital community comprised thereof,

Defendants.

NO. 3:14-cv-05022 BHS

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND**

NOTED ON MOTIONS CALENDAR:
Friday, February 14, 2014

## I. INTRODUCTION

Defendants now fully and finally concede that they were served with the summons and complaint on December 9, 2013, rather than December 10 as they had indicated in their Notice of Removal. Resp. [Dkt. 19] at 1. This confirms that Defendants missed by one day the 30-day deadline for removal under 28 U.S.C. § 1446(b)(1) and LCR 101(a) when they filed their Notice of Removal on January 14, 2014—**31 days** after service of process. Compliance with that 30-day deadline is mandatory. When not met, remand is required. *Schmitt v. Ins. Co. of N.A.*, 845 F.2d 1546, 1551 (9th Cir. 1988).



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

In an attempt to excuse their untimeliness, Defendants now put forward two new arguments—each of which is remarkably at odds with their own Notice of Removal. First, Defendants argue the 30-day clock of § 1446(b)(1) has not yet been triggered, because Plaintiff's Class Action Complaint is of "indeterminate" removability. Resp. [Dkt. 19] at 4-9. Yet Defendants unequivocally stated in their Notice of Removal that "**Plaintiff's Complaint meets the requirements for removal under . . . CAFA**" "**[b]ased on**" the damages and relief allegations in the Complaint. Dkt. 1 at 3 (emphasis supplied). Second, Defendants now argue the 30-day removal clock was not triggered by the December 9 service of process, because Plaintiff had not yet filed the affidavit for out-of-state service required by RCW 4.28.185(4). Yet Defendants acknowledged in their Notice of Removal they had been "**served with the Summons and Complaint**" and asserted their removal was "**therefore timely**," because they believed (mistakenly) they had removed on the 30th day after receiving the Summons and Complaint, as required by § 1446(b)(1) and LCR 101(a). *Id.*

Putting aside Defendants' contradiction of their own Notice of Removal, their new arguments do not withstand scrutiny, as discussed below.

## II. ARGUMENT AND AUTHORITIES

### A. The Allegations in Plaintiff's Class Action Complaint Establish Removability.

Subjecting Plaintiff's Complaint to an "indeterminate complaint" analysis does not salvage Defendants' untimely removal. Everything Defendants needed to know to understand that the amount in controversy is in excess of the $5 million CAFA minimum is set forth in the Complaint. Defendants overstate the applicable standard. In applying the indeterminate complaint rule, courts still use commonsense and view the allegations in the complaint under an "objective analysis." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). To



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

this end, a defendant is required "to apply a reasonable amount of intelligence in ascertaining removability" when reviewing a complaint's allegations. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Likewise, courts do not apply the indeterminate complaint rule in a vacuum. Instead, they are mindful of "litigation realities" and do not ignore what is "facially apparent" from a complaint even if not stated in black-and-white terms. *Jellinek v. Advance Prods. & Sys., Inc.*, 2010 WL 3385998, at *2 (S.D. Cal. Aug. 24, 2010).

Here, Defendants were objectively and reasonably on notice that the claims of the putative class were in excess of $5 million when they were served with the Complaint. As their Notice of Removal reflects, in assessing the amount in controversy, courts consider each claim as described in the complaint—including actual damages, treble damages, attorneys' fees and costs—and then aggregate the relief to account for the putative class size. Dkt. 1 at 5-6 (citing cases); *see also Burke Family Living Trust v. Metro. Life Ins. Co.*, 2009 WL 2947196, at *3 (W.D. Wash. Sept. 11, 2009) (citing cases). Further, with limited and immaterial exception discussed below, the entirety of Defendants' analysis of the amount in controversy requirement in their Notice of Removal is based on the allegations in Plaintiff's Complaint. Dkt. 1 at 5-6.

**1. Putative Class Size/Number of Salcor 3G Units in Washington: 5,000.**

Plaintiff's Complaint plainly alleges there are "more than 5,000" Salcor 3G units at issue. Dkt. 1-1 ¶ 21. For purposes of the objective analysis envisioned by *Harris* and its progeny, this 5,000 figure controls. We note that, in Mr. Cruver's declaration, he states he reviewed "business records and information from OSS installers and distributors" to estimate that the number of units is actually **higher**: "over 6,000 to 6,500." Dkt. 1-2 ¶ 8. Notably, this is the **only** portion of the declaration that refers to **any** level of investigation on Defendants' part. The remainder is



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

comprised of "personal facts" about the Salcor 3G Unit immediately known to Mr. Cruver at the time the Complaint was served. *See infra.*

**2. This Products Liability/Consumer Protection Class Action Involves More Than CAFA's $5 Million Jurisdictional Minimum, as the 5,000 Putative Class Members Each Seek Relief Objectively Worth More Than $1,000.**

The 5000-member size of the putative class means that CAFA's $5,000,000 minimum amount in controversy is met if an objective reading of the Complaint reveals that damages and other relief worth at least $1,000 per class member are being claimed. Putting aside for the time-being the value of the other requested relief (such as the injunction sought), the actual damages figure need only be **$300 per class member** when treble damages and a conservative estimate of $500,000 in reasonable class-wide attorneys' fees are factored in (as they must be):

5,000 x $300 = $1,500,000 x 3 = $4,500,000 + $500,000 = $5,000,000.

As discussed below, that Plaintiff's Complaint seeks actual damages of **at least $300** for each class member was objectively ascertainable to Defendants in at least three ways.

**a. "Facially Apparent" From the Allegations in the Complaint**

Even when a complaint does not quote a specific dollar figure for the damages claimed, courts after *Harris* still objectively consider the nature of the damages described in the complaint—and where, as here, it is "**facially apparent**" that those damages exceed the jurisdictional minimum, then the defendant is required to comply with the 30-day removal deadline. *See, e.g.*, *Mendoza v. Am. Airlines, Inc.*, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010) (further noting complaint's description of various claims "made it **intelligently ascertainable** that the amount in controversy exceeds the minimum amount and the removal period commenced on the date Defendants were served with the Complaint.") (citing cases)



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

(emphasis added). **Indeed, this has been the rule in this District for decades, and remains the rule after *Harris***. *See* LCR 101(a).[1] LCR 101(a) provides in pertinent part that

> [i]f a complaint filed in state court does not set forth the dollar amount prayed for, a removal petition **shall nevertheless be governed by the time limitation of 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude** that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court.

LCR 101(a) (emphasis supplied).[2] LCR 101(a) is dispositive here.

Here, as in *Mendoza*, Plaintiff's Complaint admittedly does not specify the dollar amounts of the damages sought. However, the Complaint **does** explicitly allege the **specific nature** of the actual injuries, losses and harm caused by the installation of the defective, fire-prone Salcor 3G device on Plaintiff's property, including "property damage, emotional pain and suffering, exposure to the risk of personal injury, repair costs, diminution in the value of Plaintiff's property, and diminution in the value of the Salcor Units." Dkt. 1-1 ¶ 66. The Complaint further alleges that members of the putative class likewise have been damaged, in that each "has a Salcor Unit on their property that is not reasonably safe as designed and exposes them to serious and continuing risk of personal injury or property damages. *Id.* ¶ 68.

As alleged in Plaintiff's Complaint, the Salcor 3G device is a complex, proprietary, and regulated sewage effluent pretreatment device that is installed below ground to disinfect fecal

---

[1] The relevant portion of LCR 101 was originally adopted by Order of Judges McGovern, Voorhees, Tanner and Rothstein dated May 21, 1981, a copy of which is attached as Appendix 1. The 1981 rule was amended numerous times, including three times after *Harris* in 2005, but its basic import as relevant here has remained the same.

[2] As is clear from its text, LCR 101(a) "relates to the time limits for removal." *Acupanda v. Quality Food Centers*, 2012 WL 254256 at *2 (W.D. Wash. Jan. 26, 2012). It does not change the applicable standard of proof for establishing the amount in controversy requirement. *Id.* Rather, it simply requires that, in this District, if faced with a complaint that does not "set forth the dollar amount prayed for," a defendant must within the standard 30-day removal deadline submit a notice of removal that "set[s] froth the reasons . . . that caused it to have a good faith belief that the amount in controversy exceeded" the minimum jurisdiction threshold amount in light of the plaintiff's various claims. *Michaels v. Geico Ins. Agency, Inc.*, 2012 WL 5866448 at *3 (W.D. Wash. Nov. 19, 2012).



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

coliform in septic effluent by exposing the effluent to UV radiation generated by an electrical UV lamp. *Id.* ¶¶ 8-19. Given the nature and defectiveness of the device, and its incorporation as a component of on-site septic systems ("OSSs") as described in the Complaint, no "reasonable person" (LCR 101(a)) could read the Complaint and conclude that the referenced damages arising from the propensity of the Salcor 3G to catch on fire in people's back yards would conceivably total less than $300 per class member. *See Mendoza*, 2010 WL 5376375, at *3.

**b. State Jurisdiction Statute Cited in Complaint**

To ascertain the minimum amount prayed for per-plaintiff when assessing CAFA removal jurisdiction, courts also may consider the jurisdictional statute invoked in the plaintiff's state court complaint. *See, e.g., Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 688-89 (9th Cir. 2006). Here, the Complaint invokes RCW 2.08.010 as the primary basis of the state court's jurisdiction. Dkt. 1-1 ¶ 2. This statute "grants original jurisdiction to the superior court in all cases in which the value of the property in controversy exceeds **three hundred dollars**." *City of Walla Walla v. $402,333.44*, 164 Wn. App. 236, 248 (2011) (emphasis added).

**c. Two "Personal Facts" Immediately Known to Defendants: Purchase Price and Installation Costs of Their Own Signature Product**

Finally, the per-unit purchase price and the installations costs for a Salcor 3G unit are basic "personal facts" immediately known to Defendants and do not, as such, amount to the type of subjective knowledge about which the indeterminate complaint rule is concerned. *KDY, Inc. v. Hydroslotter Corp.*, No. 08-4074 SC, 2008 WL 4938281, *4 (N.D. Cal. Nov. 17, 2008) (applying *Harris* and reasoning that "courts surely can presume that a defendant is aware of various basic personal facts . . . without delving into the prohibited area of a defendant's subjective knowledge"). In *KDY*, the court considered the personal fact of the location of



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

defendant's own citizenship for diversity jurisdiction, which was obviously and immediately known to the defendant at the time of service of process. *Id.* The court would not "indulge in the idea that Defendants were ignorant of where they themselves lived and were located." *Id.*

The same rationale should apply here to Defendants' knowledge of the purchase price and installation costs of their own signature product, the Salcor 3G unit. As Mr. Cruver's declaration reveals, he is "familiar with the design, sale, and installation of . . . the Salcor 3G unit," because he has been the president and CEO of Salcor "for over 30 years." Dkt. 1-2 ¶ 6. He did not need to perform **any** factual research or investigation to ascertain the typical purchase price and installation costs of his company's product—he knew the purchase price to be "$650 to $900" and the labor charge for installation to be "between $350 and $600." *Id.* ¶ 7. For someone in Mr. Cruver's position, the Court can presume, as the court did in *KDY*, that the typical sales price and installation costs of Defendants' product is indeed a "personal fact."

In short, the actual damages sought by Plaintiff are clearly **at least** $300 per plaintiff when objectively assessing the allegations in the Complaint.

### 3. Treble Damages

As Defendants acknowledge in their Notice of Removal, the Court must also factor in Plaintiff's claim for WCPA treble damages. Dkt. 1 at 5-6; *see also Burke*, 2009 WL 2947196, at *3. Trebling the $300 actual damages figure would amount to $900 per plaintiff. Multiplying this figure by 5,000 (the minimum number of units alleged in the Complaint) yields a claim value of $4,500,000. Using the actual damages figures based on Defendants' "personal facts" about the purchase price and installation costs yields an even higher amount. Trebling from just the low end of $1,000 per unit for cost plus installation would amount to $15,000,000 for the class.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**4. Attorneys' Fees and Costs**

Plaintiff also is entitled to an award of attorneys' fees and costs if he prevails. RCW 19.86.090. In class claims, courts in the Ninth Circuit may employ a 25% "benchmark" in calculating awardable fees. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Applying the 25% benchmark to the $4,500,000 figure yields $1,125,000, bringing the total claim value to $5,625.000. But even a more conservative estimate of $500,000 in statutory fees would still bring the amount in controversy to the $5,000,000 CAFA threshold.

**5. Other Relief**

In addition to actual and treble damages, Plaintiff also seeks injunctive relief "enjoining Defendants from further marketing and sale of the defectively-designed Salcor Model 3G and ordering Defendants to repair or replace the defective Salcor Units currently installed in OSSs here in Washington." Compl. [Dkt. 1-1] at 17 ¶ 5. Given the "personal facts" known to Mr. Cruver that the unit and installation cost of replacing each Salcor 3G would be between $1,000 and $1,500, the requested injunctive relief alone made it clear to Defendants that the amount in controversy exceeded $5,000,000.

In sum, Defendants' untimely removal cannot be justified by invoking the Ninth Circuit's indeterminate complaint rule. Applying the objective analysis of a reasonable person to the claims explicitly described in the Complaint (as required by *Harris* and its progeny and LCR 101(a)), and applying "a reasonable amount of intelligence in ascertaining removability" (as required by *Kuxhausen* and its progeny and LCR 101(a)), clearly shows that the amount in controversy here is in excess of the CAFA minimum. The irony here is that Defendants did such an analysis in their Notice of Removal as they genuinely believed they were governed by the 30-day deadline. They were right. It is only because they miscalculated the deadline—a point they



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

now concede—that they are now attempting to justify their mistake after the fact by arguing that the removability of the Complaint they attempted to timely remove was in fact indeterminate. Because it is intelligently ascertainable from an objective reading of the Complaint that this products liability and consumer protection class action seeks amounts "well in excess" of the jurisdictional minimum,[3] the 30-day deadline applies from the date of service of the Complaint.

**B. A Plaintiff Substantially Complies with RCW 4.28.185(4) by Filing the Required Affidavit for Out-of-State Service Any Time Prior to Entry of Final Judgment.**

In their Notice of Removal, Defendants state matter-of-factly that they were "served with the Summons and Complaint" on December 10, 2013, and that their "[r]emoval of this action is therefore timely" pursuant to 28 U.S.C. § 1446(b), in that they had filed their Notice of Removal "within 30 days of receiving the Summons and Complaint." Dkt. 1 at 2. But as the process server's proof establishes, Dkt. 13 & 16, and as Defendants now concede in their Response, Dkt. 19 at 1, Defendants were served on **December 9, 2013.** This renders their removal untimely by one day and requires a remand of this action. *See Schmitt*, 845 F.2d at 1551.[4]

Faced with this predicament, Defendants attempt to repudiate their own explicit acknowledgement of having been "served" within the meaning of § 1446(b). Defendants now assert that because Plaintiff filed the affidavit required for validating out-of-state service under RCW 4.28.185(4) **after**, rather than **before**, effecting service on Defendants, the effectiveness of such service was suspended for purposes of triggering the 30-day deadline for removal under

[3] Again, these are Defendants' words; not ours. *See* Notice of Removal [Dkt. 1] at 6.

[4] In their Response, Defendants argue that Plaintiff's untimeliness claim is "untethered to any conceivable prejudice argument." Dkt. 19 at 2. Ninth Circuit law is clear that compliance with the 30-day deadline for removal under § 1446(b) is mandatory; no showing of prejudice is required. *Schmitt*, 845 F.2d at 1551.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

§ 1446(b) until such time as the affidavit was filed on January 22, 2014. None of the authorities cited by Defendants stand for this proposition.[5]

RCW 4.28.185(4) does provide that "[p]ersonal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." But in contrast to the strict compliance Washington law requires of **other** service of process-related statutes such as RCW 4.28.080, *see, e.g.*, *Haberman*, 109 Wn.2d at 177, Washington courts have uniformly held that "**substantial and not strict compliance"** with the affidavit requirement of RCW 4.28.185(4) is sufficient. *Barr v. Interbay Citizens Bank of Tampa***,** 96 Wn.2d 692, 696 (1982) (emphasis supplied); *Golden Gate Hop Ranch, Inc. v. Vesicol Chem. Corp.*, 66 Wn.2d 469, 472 (1965).

Significantly, the filing of the affidavit does not change the date that service of process actually occurred. As a result, absent a showing of prejudice, a plaintiff substantially complies with the affidavit requirement of RCW 4.28.185(4) so long as the affidavit is filed **before judgment is entered**. *Barr*, 96 Wn.2d at 696 ("As [the affidavits] were filed before judgment, the affidavits were timely."); *Golden Gate Hop Ranch*, 66 Wn.2d at 354 ("The statute does not provide that the affidavit must be filed before the summons and complaint are served . . . ."); *Barer v. Goldberg*, 20 Wn. App. 472, 482 (1978) ("No particular time of filing is required as long as it precedes the judgment."); *Java Trading Co., Inc. v. Perf. Food Grp. Co.*, 2005 WL 2291116, at *1 (W.D. Wash. 2005) ("It is well-settled, however, that a party substantially

[5] Defendants string-cite federal cases for the proposition that the 30-day removal period is not triggered until valid service is made. Resp. [Dkt. 19] at 12. But they are wholly inapposite. **None** of the cases involved the affidavit for out-of-state service requirement of RCW 4.28.185(4). Rather, each case involved non-compliance with **other** Washington service-of-process statutes. This is an important distinction. As discussed above, Washington law requires **strict** compliance with those other service-related statutes but only **substantial compliance** with RCW 4.28.185(4), and Plaintiff has substantially complied here. *See Haberman v. WPPPS*, 109 Wn.2d 107, 177 (1987).



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

complies with Washington's long-arm statute when it files the out of state service affidavit prior to entry of judgment."); *Mu-Petco Shipping Co. v. Divesco, Inc.*, 101 F.R.D. 753, 756 (S.D. Miss. 1984) ("[A]ffidavit which is filed prior to the date of the judgment is sufficient under R.C.W. 4.28.185(4)."). Accordingly, Plaintiff substantially complied with the requirements of RCW 4.28.185(4) by filing the required affidavit on January 22, 2014, *see* Dkt. 14, and its December 9, 2013 service of process upon Defendants was therefore valid.

To be sure, there is language in *Golden Gate Hop Ranch* to the effect that "service became valid when the affidavit was filed." 66 Wn.2d at 472. But this is *dicta*. The effective date of the service was not at issue (the affidavit was filed only 11 days after service). *Id.* The issue was limited to whether the affidavit required by RCW 4.28.185(4) had to be filed **before** service of process in order for the service to be valid. The Washington Supreme Court answered this question in the negative, because substantial rather than strict compliance is sufficient. *Id.*

By contrast, Division 2 of the Washington Court of Appeals **has addressed** this issue and held that out-of-state service validated by a later-filed affidavit **is effective to commence an action as of the date on which service was originally accomplished**. *Ryland v. Universal Oil Co.*, 8 Wn. App. 43 (1972). *Ryland* involved a receiver's action to recover preferential payments from an out of state defendant (Universal). Universal was served with process in Michigan on the same date that the action was filed, but the receiver did not file the RCW 4.28.185 affidavit for out-of-state service until over year later, and **almost 12 months beyond the statute of limitations**. *Id.* at 44. On appeal from the trial court's dismissal of the case as time-barred,[6] the Court of Appeals reversed. Relying primarily on *Golden Gate Hop Ranch*, the Court held that

[6] At the time of *Ryland*, commencing an action for statute of limitations purposes required **both** filing and service of process. *Ryland*, 8 Wn. App. at 46 (*citing Morris v. Orca Lime Co.*, 185 Wash. 126 (1936)). So the effective date of the original service of process was essential to the timely commencement of the receiver's action.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

the receiver had substantially complied with the affidavit requirement by filing it prior to entry of judgment, notwithstanding that the statute of limitations had run in the interim. *Id.* at 46-47.

The *Ryland* decision defeats Defendants' argument here. In essence, *Ryland* shows that "when" in RCW 4.28.185(4) is appropriately read as "if," not as "at the time at which."[7] Indeed, if Defendants' argument were valid, the result in *Ryland* would have been **180 degrees different**: the trial court would have been affirmed and plaintiff's claims time-barred.[8]

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his motion for remand be granted, that he be awarded his attorneys' fees for this motion, and that this action be remanded back to Kitsap County Superior Court.

DATED this 14th day of February, 2014.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff

By: *s/Mark Wilner*
Mark Wilner, WSBA #31550
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mwilner@gordontilden.com

**MUNDT MacGREGOR L.L.P.**
Attorneys for Plaintiff

By: *s/J.D. Stahl*
J.D. Stahl, WSBA #14113
271 Wyatt Way NE, Ste 106
Bainbridge Island, WA 98110
Telephone: (206) 624-5950
Facsimile: (206) 624-5469
Email: jdstahl@mundtmac.com

---

[7] *See generally* 14 *Wash. Prac., Civil Proc.* § 4:20, n.5 (2d ed. 2014) ("An earlier case, *Golden Gate Hop Ranch* [citation omitted], had stated that service of process "became" valid when the affidavit was filed. No statute of limitations problem was present in the *Golden Gate* case. On principal, the *Ryland* solution seems preferable. In view of the vagaries of legislative drafting, "when" can be read as "if" as well as "the time at which." Moreover, the *Golden Gate* opinion recognized substantial compliance as an alternative rationale.").

[8] Given Washington's substantial compliance rule regarding RCW 4.28.185(4) and the holding in *Ryland*, Defendants' argument that Plaintiff's post-removal filing of the required affidavit cannot defeat removal jurisdiction misses the point: the issue is the **untimeliness** of Defendants' removal, not the loss of the Court's **subject matter jurisdiction** due to some post-removal event. *See United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, LCL v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

Counsel for Defendant

Michael Scoville, WSBA #44913
Austin Rainwater, WSBA #41904
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
T: 206-359-8000
F: 206-359-9000
mscoville@perkinscoie.com
arainwater@perkinscoie.com

*s/Mark Wilner*
Mark Wilner, WSBA #31550
Gordon Tilden Thomas & Cordell LLP



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# APPENDIX

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In the Matter of the Local Rules for the Western District of Washington | ORDER |

Civil Rule 101 for the Western District of Washington is hereby amended to read as follows:

CR 101

CASES REMOVED FROM STATE COURTS

(a) If the complaint filed in state court does not set forth the dollar amount prayed for, a removal petition shall nevertheless be governed by the time limitation of Title 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this Court. The verified petition for removal shall in that event set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this Court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought.

(b) Each petitioner for removal under Chapter 89 of Title 28, United States Code, shall, within ten days of filing his petition for removal, file with the Clerk of this Court black-on-white copies of all records and proceedings in the State Court, together with his or his counsel's verification that they are true and complete copies of all the records and proceedings in the State Court proceeding. The copies need not be certified or exemplified by the State Court, and the added cost of certification or exemplification will not be allowed as a cost item under 28 U.S.C. Section 1920(4) unless certification is required after an opposing party challenges the accuracy of the copies. Records and proceedings in the State Court, filed with the petition, need not be refiled.

This amendment shall be effective May 21, 1981.

Walter T. McGovern, Chief Judge
United States District Court

Donald S. Voorhees, Judge
United States District Court

Jack E. Tanner, Judge
United States District Court

Barbara J. Rothstein, Judge
United States District Court